IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH J. CAMPBELL, | : | |
| | : | 3:09-cv-303 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WEST PITTSTON BOROUGH, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### September 22, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc. 49), filed on August 23,

2011, which recommends that we grant the Defendants' Motion for Summary

Judgment (Doc. 32) with respect to all of Plaintiff's federal claims.  Magistrate

Judge Carlson further recommends that we decline to exercise supplemental

jurisdiction over Plaintiff's pendent state-law claims in view of the

recommendation with respect to Plaintiff's federal claims.   Plaintiff Joseph J.

Campbell ("Plaintiff" or "Campbell") filed objections to the report (Docs. 50 and

51) on September 9, 2011. Accordingly, this matter is ripe for disposition.

For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the Defendants' Motion for Summary Judgment with respect to Plaintiff's federal claims and decline to exercise jurisdiction over Plaintiff's pendent state law claims.

## I.   BACKGROUND

Plaintiff, a former police officer with the West Pittston Borough Police Department, brought this action against the Borough and a number of its current or former Council members, alleging that these Defendants violated his rights under the United States Constitution, federal, and state laws in connection with actions taken with respect to his employment.  Specifically, Campbell claims that the Defendants retaliated against him after he filed a prior lawsuit against the Borough by subjecting him to a hostile work environment and by making employment decisions that adversely affected him, in violation of the First Amendment. Campbell also claims that the Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, when the Borough, in 2008, appointed an officer one and one-quarter years younger than him to serve as Chief of Police - a position Plaintiff believes he was entitled to hold by virtue of his seniority within the Department.  Campbell also seeks to hold the Defendants liable for damages under Pennsylvania state law based upon the same alleged conduct.

As noted above, Magistrate Judge Carlson recommends that we grant summary judgment in favor of the Defendants on Plaintiff's federal claims.  With respect to Plaintiff's First Amendment retaliation claim, the Magistrate Judge concludes that Plaintiff had not established a *prima facie* case because he has not shown that he engaged in protected speech or petitioning activity.  Further, the Magistrate Judge reasoned that even if Plaintiff did establish that he engaged in protected activity, he has failed to come forward with sufficient evidence to support his claims that he was retaliated against for having done so.   With respect to Plaintiffs age discrimination claim, the Magistrate Judge reasons that a one and one-quarter year age difference between Campbell and Chief Porfirio is insufficient to permit an inference of age discrimination, in view of the total lack of other evidence to suggest that age played any role in the Borough's decision to appoint Porfirio over Campbell to the position of Chief of Police.

We shall now turn to a review of the Magistrate Judge's recommendations and the Plaintiff's objections thereto.

## II.    STANDARDS OF REVIEW

### A.    Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.    Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial.  *Id.* at 325.  Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).  An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving

party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an

5

otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.   DISCUSSION

Plaintiff makes several objections to the R&R.[1]  Essentially, the Plaintiff objects to the Magistrate Judge's ultimate recommendation that summary judgment be granted on both of Plaintiff's federal claims.[2]

First, Plaintiff asserts that Magistrate Judge "totally ignored" Plaintiff's counterstatement of material facts, and that the same is "obvious from the scanty references" thereto within the R&R.  (Doc. 51, p. 7). We disagree.  We have reviewed the Magistrate Judge's report as well as the parties' statement and counterstatement of facts.  We do not find that the inferences drawn by the Magistrate Judge to be improper, nor do we find Plaintiff's assertion that the Magistrate Judge "totally ignored" his counterstatement of facts to be availing.

---

[1] We find significant unclarity in submissions filed by Plaintiff, thus while we shall endeavor to address Plaintiff's objections in their entirety, we cannot and will not address the arguments that we cannot apprehend.

[2] Plaintiff makes much of the Magistrate Judge's characterization of the general release entered into between Plaintiff and the Borough in the prior lawsuit brought by Plaintiff against the Borough.  Plaintiff incorrectly asserts that Magistrate Judge Carlson read the language of the release to limit Plaintiff from bringing this action for failure to promote him to Chief of Police. To the contrary, the Magistrate Judge did in fact consider Plaintiff's assertion that he was retaliated against and as a consequence not promoted to the Chief of Police.

Thus, we find no basis to alter the facts as set forth by the Magistrate Judge in his R&R.

Plaintiff also asserts that Magistrate Judge Carlson erred in determining that Plaintiff did not provide sufficient detail regarding claim that he was retaliated against and that the Defendants created a hostile work environment.  Specifically, Plaintiff asserts that the Magistrate Judge did not consider Councilman Musinski calling him a "greedy bastard" as part of this claim, or the other course of conduct allegedly perpetrated against Plaintiff, including promoting Porfirio to Chief of Police over him.  However, a review of the R&R clearly reveals that the Magistrate Judge did, in fact, consider the "greedy bastard" comment as part of Plaintiff's claim, but ultimately concluded that Plaintiff did not provide sufficient evidence to show that he was retaliated against.[3]  As noted by the Magistrate Judge, the one or two isolated incidents in which Plaintiff claims one or more Council members questioned him about his prior lawsuit are insufficient to support a claim of

---

[3] It is important to note that, in the first instance, Magistrate Judge Carlson recommends that summary judgment be granted in favor of Defendants on Plaintiff's First Amendment retaliation claim because Plaintiff failed to show that he engaged in protected speech or petitioning activity.  Plaintiff misses the mark by arguing that the existence of the prior lawsuit constitutes protected activity in view of the Supreme Court's recent decision in *Borugh of Duryea v. Guarieri*, – U.S. – , 131 S. Ct. 2488 (2011)(in First Amendment retaliation cases, the petitioning activity must have regarded a matter of public concern in order to be considered protected activity).  Plaintiff's previous action related solely to Plaintiff's personal grievances with his employer about his own employment.  This type of garden variety employment litigation is not considered to relate to matters of public concern.

retaliation.  Our review of the record confirms the Magistrate Judge's determination in this regard.

Finally, Plaintiff contends that the Magistrate Judge placed too much emphasis on the one and one-quarter year age difference between the Plaintiff and Porifirio when evaluating the age discrimination claim.  We disagree.  While Magistrate Judge Carlson noted that the age difference was insignificant, *see Angelico v. Agilent Techs.*, 2006 U.S. Dist. LEXIS 72399 (E.D. Pa. Oct. 4, 2006)("[I]t appears that our Court of Appeals has never found a difference of less than seven years to be sufficient to infer age discrimination."), he considered the entire record when considering Plaintiff's age discrimination claim and determined that there was a "total lack of evidence to suggest that age played any role in the Borough's decision to appoint Chief Porifirio instead of [P]laintiff to head the police department." (Doc. 49, p. 27).  Once again, our review of the record confirms that the Magistrate Judge's analysis was not in error.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that we decline to exercise pendent jurisdiction over the Plaintiff's state law claims for violations of the Pennsylvania Human Relations Act and civil conspiracy.   As noted by the Magistrate Judge, these claims were brought in federal court pursuant to this court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a)(providing that

where federal courts have original jurisdiction over plaintiff's federal claims, those courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Because we shall grant summary judgment with respect to Plaintiff's federal claims over which we have original jurisdiction, we shall decline to exercise supplemental jurisdiction over the state-law claims, and they shall be dismissed without prejudice. *See Hedges v. Musco*, 204 F. 3d 109, 123 (3d Cir. 2000)("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

## IV.  CONCLUSION

Accordingly, based on the foregoing and for the reasons set forth in the Magistrate Judge's cogent and thorough R&R, we shall grant the Defendants' Motion for Summary Judgment as to the federal claims and decline to exercise pendent jurisdiction over Plaintiff's state law claims.   An appropriate Order shall issue.